Robyn E. Bladow (SBN 205189)
robyn.bladow@kirkland.com
KIRKLAND & ELLIS LLP
555 S. Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone:     (213) 680-8400
Facsimile:      (213) 680-8500

David I. Horowitz (SBN 248414)
david.horowitz@kirkland.com
Michael E. Rosenberg (SBN 313285)
michael.rosenberg@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone:     (310) 552-4200
Facsimile:      (310) 552-5900

*Attorneys for Defendants*
*Kars4Kids Inc. and Oorah, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| TIMOTHY DUGGER,<br><br>                    Plaintiff,<br><br>          v.<br><br>KARS4KIDS INC. and OORAH, INC.,<br><br>                    Defendants. | CASE NO. 1:24-CV-02419-JD<br><br>**DEFENDANTS KARS4KIDS INC. AND OORAH, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**<br><br>Hearing Date:     September 12, 2024<br>Hearing Time:     10:00 a.m.<br>Judge:              James Donato<br>Courtroom:        11, 19th Floor<br><br>Complaint Filed Date:     April 23, 2024 |

Plaintiff Dugger opposes Defendants' Request for Judicial Notice, arguing that the documents and information that he cited, quoted, and relied on in his Complaint to support his claims are somehow now "extraneous." Dkt. 25-1 ("RJN Opp.") at 1. The documents and information easily meet the requirements for judicial notice and incorporation by reference (Dkt. 23-1 ("RJN") at 2 (Legal Standard)), and Dugger's argument about what these documents "establish" (RJN Opp. at 1) is an issue for the Court when it is deciding Defendants' motion to dismiss, not when it is deciding whether to consider the documents at all. Defendants' RJN should be granted.

## I. DUGGER CANNOT SERIOUSLY DISPUTE THAT HIS COMPLAINT CITES THE RJN DOCUMENTS.

Dugger represents to this Court that "None of [the RJN] exhibits are referenced in the Complaint or form the basis of Plaintiff's claims." RJN Opp. at 4. That statement is patently false.

Dugger alleges he "saw and heard Defendants' misleading TV solicitation ads numerous times over the past decade." ¶ 69. Dugger cites to, quotes in full, and provides the YouTube URL for the commercial. ¶¶ 28, 30. Dugger alleges the commercial has "remained unchanged" (¶ 28) and that "Kars4Kids uses these same or substantially similar commercials … throughout the country." ¶ 30. Dugger references the "commercial" at least twenty times throughout the Complaint. *See, e.g.*, ¶¶ 3, 7, 25, 27-30, 62, 70, 75, 76, 78, 81.

As for the website links, Dugger alleges the commercial says, "Donate your car at Kars4Kids.org" (¶ 28) and that the commercial displays text informing consumers they can learn more at Kars4Kids.org/howtohelp (¶ 29). Dugger also alleges that Defendants' "informational website address provided in the ads (Kars4Kids.org/howtohelp)" is "vague" and requires "scrolling" to find the quoted statement, "Your donation will benefit Kars4Kids, a national organization dedicated to addressing the educational, material, emotional and spiritual needs of Jewish children and their families." ¶ 36. Dugger also includes allegations about the "main website," alleging that "Kars4Kids' main website (Kars4Kids.org) is even less revealing and woefully inadequate to avoid misleading consumers," quoting extensively from the main page. ¶ 37.

Dugger also relies on and cites to Kars4Kids' IRS Form 990 in his Complaint. ¶¶ 55, 57.

## II. DUGGER'S ARGUMENTS REGARDING THE YOUTUBE VIDEO FAIL.

Although Dugger argues that "none of these exhibits are referenced in the Complaint or form the basis of Plaintiff's claims" (RJN Opp. at 4), he later admits that he "does not dispute that the Complaint references Kars4Kids' TV, radio, and Internet commercials as alleged therein, or that the commercials form the basis for his claims." *Id*. at 5. The latter admission, and the clear allegations in the Complaint, are dispositive of his arguments.[1] *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (holding a "defendant may seek to incorporate a document into the complaint if … the document forms the basis of the plaintiff's claim"). The content of the commercial, which the Court can and should consider in RJN Exhibits A and B, is central to his Complaint and appropriate for incorporation by reference and judicial notice.

Dugger argues that the Court should not consider the YouTube video because "it cannot be inferred that this particular video was 'extensively' referred to in the Complaint or formed the basis of Plaintiff's claims." RJN Opp. at 5. Dugger's argument is belied by his own Complaint, which "extensively" refers to the commercial, quotes the commercial in full, states that the commercial has "remained unchanged" and is "the same or substantially similar … throughout the country," and relies entirely on the commercial for his asserted causes of action. *Supra* I. Defendants request judicial notice of the video from the URL *Plaintiff provided*. Dugger "cannot reasonably [] question[]" that the video *he cites and relies on* is the video at that link (Fed. R. Evid. 201(b)), nor that the video at that link is "incorporated by reference." *Khoja*, 899 F.3d at 1006; *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) (taking judicial notice of packaging labels that the complaint quoted and referenced, or were screenshots from a referenced website).

Nor can Dugger argue the video is inauthentic because Dugger himself provided the link to this video in his Complaint. *Castagnola v. Hewlett-Packard*, 2012 WL 2159385, at *7 (N.D. Cal. June 13, 2012) (finding "[p]laintiffs incorporate[d] screenshots of … webpages into their [complaint]" and "[t]hus [could] not dispute[] the accuracy or the authenticity of the webpage[s]"). Because Dugger

---

[1] While Dugger mentions "Internet or radio ads," Dugger's claims are based only on the TV commercial, which he acknowledges. RJN Opp. at 7 ("Plaintiff's claims … are based on Kars4Kids' misleading *commercials*") (emphasis in original).

cannot dispute the authenticity of the video located at the URL he provided, he gives the Court no reason to deny Defendants' RJN of the video (RJN Exs. A and B).[2]

## III.   DUGGER'S ARGUMENTS REGARDING THE KARS4KIDS' WEBSITE FAIL.

Dugger's effort to limit the Court's consideration of the multiple webpages Dugger cites in his Complaint fails.

Dugger's argument that the *exact* web address for the document in Exhibit C (https://www.kars4kidsprograms.org/act-now/) is "not referenced in the complaint" (RJN Opp. at 6) has no bearing on whether Exhibit C is incorporated by reference or subject to judicial notice. As Dugger, the Court, and anyone else can see, the readily and publicly accessible link Dugger cites in his Complaint (www.Kars4Kids.org/howtohelp) automatically redirects viewers to https://www.kars4kidsprograms.org/act-now/ (Ex. C). Dugger does not dispute this, nor can he as it "can be accurately and readily determined." Fed. R. Evid. 201(b)(2).

Dugger's argument that the website references are not sufficiently "extensive" in his Complaint also falls flat. Not only are the website and "internet" advertisements referenced at least a dozen times (*e.g.*, ¶¶ 19, 30, 36, 37, 75, 77, 85, 86, 104, 108, 112, 131, 157), but the commercial—which is the only representation Dugger claims he relied on and which itself quotes the webpage—is also cited over twenty times. ¶¶ 3, 7, 25, 27-30, 62, 70, 75, 76, 78, 81; *see also* ¶ 29 (citing text in commercial: "Learn how you can make a difference in the life of a child" at "Kars4Kids.org/howtohelp"). Dugger now tries to back-pedal on his reference to the website because, as he knows, the various webpages clearly explain that Kars4Kids is a national Jewish nonprofit organization whose "sister charity" is Oorah. He cannot incorporate the website, claim it is misleading,

---

[2] Dugger's arguments about what the video can be used for (RJN Opp. at 5-6) are more properly made in his opposition to Defendants' motion to dismiss, and in any event are wrong as the Court can decide on Defendants' motion to dismiss whether the video Dugger relies on would mislead reasonable donors. *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 882-83, 877 (9th Cir. 2021) (affirming dismissal on the basis that "Trader Joe's Manuka Honey labeling would not mislead a reasonable consumer"); *Werberl ex rel. v. Pepsico, Inc.*, 2010 WL 2673860, *4-5 (N.D. Cal. July 2, 2010) (dismissing UCL and FAL claims where "Plaintiff has failed to establish that a reasonable consumer would likely be deceived").

and then argue that the Court not consider it. That is exactly the gamesmanship the incorporation by reference doctrine is intended to prevent.

As for Exhibits D and E, which are screenshots of the Kars4Kids webpages located at https://www.kars4kidsprograms.org/about-us/ and https://www.kars4kidsprograms.org/programs/, Dugger objects that he did not rely on these *particular* Kars4Kids webpages. RJN Opp. at 7. But Courts are permitted to consider the full text of documents that a plaintiff's complaint relies on but only partially references. *See, e.g.*, *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 865 (N.D. Cal. 2004); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (affirming the incorporation of materials that the complaint did not reference at all). Moreover, "[c]ourts in this district have found that in general, websites and their contents may be judicially noticed." *Pac. Overlander, LLC v. Kauai Overlander*, 2018 WL 3821070, at *2 (N.D. Cal. Aug. 10, 2018); *see also Frances Kenny Family Trust v. World Sav. Bank FSB*, 2005 WL 106792, at *1 (N.D. Cal. Jan. 19, 2005) (finding content on plaintiffs' "website to be proper matter for judicial notice"). Defendants have provided the Court copies of each of the webpages along with their publicly-accessible URLs, and judicial notice is therefore proper. *Arellano v. Continuing Care Risk Retention Grp., Inc.*, 2011 WL 13217934, at *2 n.17 (C.D. Cal. June 9, 2011) ("Where a party supplies the court with a hard copy of a web page, websites and their contents are properly the subject of judicial notice.").

Further, Dugger references the website and internet advertisements generally, and cites the www.Kars4Kids.org homepage (¶¶ 26, 28, 37), providing further grounds to consider Exhibits D and E, which are linked directly from Exhibit C (which Dugger also cites extensively, ¶¶ 29, 30, 36).[3]

---

[3] Dugger's argument that websites "created and maintained by a party to the litigation" are not judicially noticeable is a misrepresentation of the law. RJN Opp. at 8 (quoting *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015)). In *Gerritsen*, the party seeking judicial notice, "fail[ed] to demonstrate that the information is capable of 'accurate and ready determination.'" Here, the website is publicly available and its authenticity cannot reasonably be questioned and was attested to by an attorney (Dkt. 23-2). *See Sandoval v. Cal-W. Reconveyance Corp.*, 2013 WL 12129390, at *1 n.1 (C.D. Cal. Mar. 8, 2013) (granting request for judicial notice where plaintiff "merely argue[d], conclusorily, that the documents . . . lack[ed] validity," and "d[id] not put forth a genuine dispute regarding the[ir] authenticity"); *Harden v. Dell, Inc.*, 2012 WL 12787, at *1 n.2 (C.D. Cal. Jan. 3, 2012) ("[P]laintiff offers no evidence in support of his challenge to the authenticity of [the document]" and "Plaintiff's conclusory challenge to the documents' authenticity does not create a dispute of the sort that would preclude judicial notice.").

# IV. DUGGER DOES NOT DISPUTE THAT THAT KARS4KIDS' IRS FORMS ARE PUBLICLY AVAILABLE.

Dugger's only argument against judicially noticing Kars4Kids' 2022 IRS Form 990 is that it is "irrelevant." RJN Opp. at 10. Dugger, of course, makes the form relevant by citing to and relying on it in his Complaint to argue Kars4Kids' ads are "deceptive and misleading because they fail to disclose that Defendants use donations proceeds, in large part, to fund their own operations." ¶¶ 55, 57. The Form is therefore incorporated by reference and can be judicially noticed because it is a matter of public record not subject to reasonable dispute. *See, e.g.*, *Hindu Am. Found., Inc. v. Kish*, 2023 WL 5629296, at *2 (E.D. Cal. Aug. 31, 2023) (taking judicial notice of a party's IRS Tax Form 990); *Urena v. Cent. Cal. Almond Growers Assn.*, 2020 WL 3483280, at *13 (E.D. Cal. June 26, 2020), *report and recommendation adopted*, 2020 WL 4593824 (E.D. Cal. Aug. 11, 2020) (same); *Africare, Inc. v. Xerox Complete Document Sols. Maryland, LLC*, 436 F. Supp. 3d 17, 44 n.21 (D.D.C. 2020) (same).

\* \* \*

The Court should grant Defendants' Request for Judicial Notice and Incorporation by Reference.

DATED: August 16, 2024

KIRKLAND & ELLIS LLP

/s/ Robyn E. Bladow

Robyn E. Bladow (SBN 205189)
robyn.bladow@kirkland.com
KIRKLAND & ELLIS LLP
555 S. Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone:     (213) 680-8400
Facsimile:     (213) 680-8500

David I. Horowitz (SBN 248414)
david.horowitz@kirkland.com
Michael E. Rosenberg (SBN 313285)
michael.rosenberg@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone:     (310) 552-4200
Facsimile:     (310) 552-5900

*Attorneys for Defendants*
*Kars4Kids Inc. and Oorah, Inc.*

**CERTIFICATE OF SERVICE**

On August 16, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

*/s/ Robyn E. Bladow*
Robyn E. Bladow