| | |
|---|---|
| 1 | ERIC A. GROVER (SBN 136080) |
| | eric.grover@kellergrover.com |
| 2 | SARAH R. HOLLOWAY (SBN 254134) |
| | sarah.holloway@kellergrover.com |
| 3 | **KELLER GROVER LLP** |
| | 1965 Market Street |
| 4 | San Francisco, California 94103 |
| | Telephone: (415) 543-1305 |
| 5 | Facsimile: (415) 543-7861 |
| 6 | *Attorneys for Plaintiff* |
| | Timothy Dugger |
| 7 | |
| 8 | ROBYN E. BLADOW (SBN 205189) |
| | robyn.bladow@kirkland.com |
| 9 | KIRKLAND & ELLIS LLP |
| | 555 S. Flower Street, Suite 3700 |
| 10 | Los Angeles, CA 90071 |
| | Telephone: (213) 680-8400 |
| 11 | Facsimile: (213) 680-8500 |
| 12 | *Attorneys for Defendants* |
| | Kars4Kids Inc. and Oorah Inc. |
| 13 | [*ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE*] |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| TIMOTHY DUGGER, individually and on behalf of classes of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> KARS4KIDS INC. and OORAH INC., inclusive, <br><br> Defendants. | Case No: 3:24-CV-02419-JD <br><br> <u>CLASS ACTION</u> <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> <u>Case Management Conference:</u> <br> Date: September 12, 2024 <br> Time: 10:00 a.m. <br> Place: Courtroom 11, 19th Floor <br><br> Complaint Filed: April 23, 2024 <br> Trial Date: None |

Counsel for Plaintiff Timothy Dugger ("Plaintiff") and Defendants Kars4Kids Inc. and Oorah Inc. ("Defendants") hereby submit the following Joint Case Management Statement.

**1. Jurisdiction & Service**

The complaint includes a claim under 18 U.S.C. § 1961 *et seq.*, giving rise to subject matter jurisdiction pursuant to 18 U.S.C. § 1964 and 28 U.S.C. § 1331.

This Court also has subject matter jurisdiction over this matter because it is a putative class action in which Plaintiff has alleged, on information and belief, that the damages exceed $5 million, exclusive of interest and costs, that the number of class members exceeds 100, and the parties are diverse pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

Defendants dispute that Plaintiff has suffered any Article III injury, and further dispute that Plaintiff has Article III standing to assert his UCL and FAL claims as he has suffered no redressable injury. *See* ECF 23 at 14-15; ECF 26 at 9-10.

The parties agree that Defendants have been properly served and that there are no issues regarding personal jurisdiction or venue.

**2. Facts**

Plaintiff's Position:

This is a putative class action. Defendant Kars4Kids Inc. advertises for vehicle donations on TV and radio stations and on the Internet throughout the country, including California. Plaintiff donated a vehicle to Kars4Kids in or around November 2023. Plaintiff alleges that the ads soliciting donations are falsely designed to make potential donors believe that Kars4Kids will use their car donation to benefit needy or disadvantaged local children without regard to any particular racial, ethnic, or religious affiliation. Plaintiff further alleges that what the ads fail to inform donors, is that their donations are instead simply transferred to Defendant Oorah Inc. to fund its promotion of orthodox ideology to Jewish families, to the exclusion of all others, predominantly in New York and New Jersey. The ads also fail to inform donors that the vast majority of donation proceeds are not used for any charitable purpose and are instead retained by Defendants to fund their expenses and investments.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

Defendants' Position:

Kars 4 Kids Inc. ("Kars4Kids") and Oorah, Inc. ("Oorah") are New Jersey non-profit corporations. Kars4Kids runs a charity through which individuals can donate used vehicles, and it promotes its charity through a 30-second TV, radio and internet jingle ("One-eight-seven-seven cars for kids …").[1] The jingle sings "cars for kids," asks viewers to "donate your car," promises a vacation voucher and tax deduction, and provides a website link for more information. It says nothing about which kids will receive any proceeds, where they live, or what religion they are (or are not). And the cited website is clear that "Kars4Kids is a registered nonprofit Jewish organization" with Oorah (another Jewish organization) as its sister charity.

Dugger alleges he donated three vehicles to Kars4Kids: the first in 2000, next in 2013, and most recent in 2023. The 2023 donation was a 35-year-old Toyota pickup truck with over 200,000 miles on it. Dugger received the promised tax receipts and vacation vouchers for all three of his donations. Nevertheless, after three successful donations over a 24-year alleged span, Dugger now claims he would not have donated his pickup truck had he known the proceeds would benefit Jewish children. He also claims—contrary to Supreme Court authority precluding such claims—he was deceived about the percentage of funds used for administrative costs.

There are no misrepresentations or unlawful omissions, only an offensive and meritless lawsuit.

**3. Legal Issues**

Plaintiff's Position:

The parties have fully briefed Defendant' motion to dismiss. Plaintiff's opposition to the motion is at ECF 25. As the motion will be heard concurrently with the case management conference, Plaintiff will not burden the Court by repeating his arguments in opposition to the motion here.

---

[1] The jingle is sung: "One-eight-seven-seven cars for kids; K-A-R-S cars for kids; one-eight-seven-seven cars for kids; donate your car today. [spoken] Donate your car at Kars4Kids.org. That's Kars with a K. Pickup is quick and easy. You'll also get a vacation voucher and a tax deduction. [sung] One-eight-seven-seven cars for kids; donate your car today."

In addition to the legal issues addressed in Plaintiff's opposition to the motion to dismiss, Plaintiff may identify other legal issues as the case progresses.

Defendants' Position:

The Court should dismiss Plaintiff Dugger's Complaint in its entirety with prejudice as he does not (and cannot) state a single claim for which relief may be granted. Defendants' primary legal arguments for dismissal are summarized below (and set forth more fully in their pending motion to dismiss):

- Dugger's RICO claim (and attendant RICO conspiracy claim) fails because (i) he has not alleged false or unlawfully omitted information, (ii) he received the full benefit of the bargain he made with Kars4Kids (car donation pick-up, travel voucher, tax write-off), and (iii) he cannot show Kars4Kids and Oorah are distinct entities forming an associated-in-fact enterprise. Fed. R. Civ. P. 9(b); 18 U.S.C. § 1962(c); ECF 23 at 5-12.

- Dugger's UCL and FAL claims fail because he does not plausibly allege any false or fraudulently omitted information that would mislead a reasonable consumer or a predicate unlawful act. Fed. R. Civ. P. 9(b); Cal. Bus. & Prof. Code § 17200 *et seq.*; Cal. Bus. & Prof. Code § 17500 *et seq.*; ECF 23 at 13-14.

- Dugger lacks Article III standing to bring his UCL and FAL claims because his supposed injury is not likely to be redressed by a favorable decision. Restitution of property is not possible and he received the benefit of his bargain, and there is no imminent threat of future harm to warrant injunctive relief. Fed. R. Civ. P. 12(b)(1); Cal. Bus. & Prof. Code § 17200 *et seq.*; Cal. Bus. & Prof. Code § 17500 *et seq.*; ECF 23 at 14-15.

- Oorah should be dismissed because Dugger does not allege Oorah's direct role in creating the commercial upon which he bases all of his claims. Fed. R. Civ. P. 9(b); ECF 23 at 15.

Defendants may identify other legal issues as the case progresses.

**4. Motions**

Defendants have filed a motion to dismiss. (ECF 23.) The motion is fully briefed and a hearing is scheduled for September 12, 2024.

Plaintiff intends to file a motion for class certification after conducting class-certification-related discovery, which Defendants will oppose. The parties may need to file motions to compel discovery responses if disputes arise and the parties are unable to resolve them through good faith meet and confer discussions. Should this case proceed past the pleading stage,

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

1  Defendants anticipate filing a motion for summary judgment and/or summary adjudication after
2  conducting discovery.

**5. Amendment of Pleadings**

Plaintiff's Position:

In addition to vehicles, Defendant Kars4Kids Inc. solicits the donation of boats, airplanes, real estate, and gift cards. Plaintiff is investigating whether to amend the Complaint to expand the allegations beyond vehicle donations. Plaintiff proposes that all motions to join other parties and amend the pleadings must be filed on or before the close of class certification discovery.

Defendants' Position

Plaintiff Dugger's deadline to amend his pleading as a matter of course expired. Fed. R. Civ. P. 15(a)(1). To the extent he seeks to file a future amendment, Defendants believe that would require Defendants' consent or the Court's leave. Fed. R. Civ. P. 15(a)(2)). If necessary at the appropriate time Defendants will review any proposed amendment, but suspect any amended claims will likewise be inadequately pleaded and thus futile.

**6. Evidence Preservation**

The parties have conferred about preserving evidence and have informed one another that they have appropriate litigation holds in place to preserve relevant evidence. The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties are not aware of any ESI issues that may arise in this case but will address those to the Court if they do arise and cannot be resolved by the parties.

**7. Disclosures**

The parties have agreed to exchange Rule 26 Initial Disclosures on or before October 25, 2024.

**8. Discovery**

If the Complaint survives Defendants' pending motion to dismiss, the parties intend to serve written discovery, including interrogatories, requests for admissions, and document requests. After receiving interrogatory responses and documents, Plaintiff intends to depose the relevant individuals regarding Defendants' donation advertising and solicitation practices and

witnesses to explain how and where donation proceeds are used. Defendant intends to depose Plaintiff, any relevant third-party witness(es), and Plaintiff's experts, if any.

At the moment, it is unclear whether the parties have any issues relating to disclosure or discovery of electronically stored information, and they agree to address any such issues if they arise. If the Complaint survives Defendants' motion to dismiss and discovery proceeds, Defendant will prepare and circulate to Plaintiff a draft stipulated protective order for the parties to negotiate and propose to the Court for approval. It is Plaintiff's position that the proposed protective order should be based on the Northern District model protective order for standard litigation and the draft should be provided to Plaintiff on or before the October 25, 2024 deadline for initial disclosures.

The parties do not anticipate any issues relating to claims of privilege or of protection as to trial-preparation materials, and they agree to address any such issues if and when they arise.

At this time, neither party requests that the Court change the limitations on discovery imposed under these rules or by local rule, nor do they propose other limitations. Both parties reserve the right to make additional requests regarding discovery limitations prior to the discovery cut-off date.

The parties discuss scheduling of discovery in more detail in Section 17 ("Scheduling").

**9. Class Actions**

Plaintiff's Contention:

This case is maintainable as a class action under Fed. R. Civ. 23 (b)(1), (2), and (3). Plaintiff seeks to represent himself and two classes presently defined as:

> (1) "**Nationwide Class**: All persons who, within the applicable statute of limitations until the date notice is disseminated, were exposed to a Kars4Kids TV, radio, or Internet advertisement and who donated a vehicle to Kars4Kids, except those located within Pennsylvania and Oregon."; and
>
> (2) **California Sub-Class**: All persons who, within the applicable statute of limitations until the date notice is disseminated, were exposed to a Kars4Kids TV, radio, or Internet advertisement and who donated a vehicle to Kars4Kids within California."

As alleged in the complaint, Plaintiff is informed and believes and contends that discovery will prove that all of the prerequisites for class certification found in Fed. R. Civ. 23(a) and (b)(1), (2), and (3) are present.

Subject to the Court's approval, the parties stipulate to an extended class certification briefing schedule, further discussed in Section 17 below, which will provide Defendant with 42 days to oppose Plaintiff's motion for class certification and Plaintiff with 21 days to prepare his reply to Defendant's opposition. The parties anticipate that there will be substantial evidence and declarations. Subject to the Court's approval, the parties also stipulate to increased page limits for the briefs as follows: 30 pages for the Motion for Class Certification; 30 pages for any Opposition to Class Certification; and 20 pages for any Reply in support of Class Certification.

Defendants' Contention:

Plaintiff Dugger will be unable to satisfy his burden of demonstrating that he meets the exacting requirements of Federal Rule of Civil Procedure 23. Defendants will oppose any Motion for Class Certification, but otherwise concurs with the briefing and page limit requests stated by Plaintiff and detailed in Section 17.

**10. Related Cases**

The parties are not aware of any related cases.

**11. Relief**

Plaintiff's Position:

Plaintiff seeks an award to Plaintiff and the putative Class members under the FAL and UCL of restitution and/or other equitable relief, including without limitation disgorgement of all revenues, profits, and unjust enrichment that Defendants obtained from Plaintiff and the proposed Classes as a result of their unlawful, unfair, and deceptive business practices. Plaintiff and the putative Class members also treble damages for the amount of damages they have sustained, plus the cost of this suit, including reasonable attorneys' fees, pursuant to 18 U.S.C. §§ 1964(c) and (d). Plaintiff also seeks injunctive relief, as permitted by law or equity, including an order prohibiting Defendants from engaging in the unfair, fraudulent, and unlawful conduct alleged in the Complaint.

Defendants' Position:

Plaintiff's demand for nonrestitutionary "disgorgement of all revenues, profits, and unjust enrichment," cannot be granted under the FAL and UCL. *Chowning v. Kohl's Department Stores, Inc.*, 733 Fed.Appx. 404,406 (9th Cir. 2018); *Sharpe v. Puritan's Pride, Inc.*, 466 F.Supp.3 1066,1072 (N.D. Cal. 2020); *In re Tobacco Cases II*, 240 Cal.App.4th 779,800, 192 Cal Rptr.3d 881,889 (Ct. App., 4th Dist., 2015). Other issues with Plaintiff's requests for relief have been raised in Defendants' pending Motion to Dismiss.

Plaintiff should be denied the relief sought in his Complaint, and Defendants should be awarded their reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees, pursuant to any applicable and authorizing law. Defendants have not yet filed an Answer or any counterclaims given their pending motion to dismiss.

**12. Settlement and ADR**

There have been no formal ADR efforts to date, but the parties have met and conferred pursuant to ADR L.R. 3-5 and filed their ADR Certifications. ECF Nos. 29, 30. The parties do not believe ADR efforts would be productive at this time, but at the appropriate time would engage in private mediation.

**13. Consent to Magistrate Judge For All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceeding.

**14. Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties do not believe that any issues can be narrowed at this time.

**16. Expedited Trial Procedure**

The parties do not believe that this is a case that is suitable for the expedited trial procedure under the Expedited Trial Procedure of General Order No. 64.

**17. Scheduling**

The parties have agreed to the following proposed dates:

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

| Event | Deadline |
|---|---|
| Initial Disclosures | October 25, 2024 |
| Fact Discovery Completed | 12 months after MTD ruling |
| Expert Disclosures and Discovery Cut-Off | Plaintiffs' expert reports due 30 days after Fact Discovery ends; Defendants' expert reports due 60 days after receipt of Plaintiffs' expert reports; Expert discovery cutoff 60 days after receipt of Defendants' expert reports |
| Motion for Class Certification | 30 days after Close of Expert Discovery |
| Opposition to Class Certification | 42 days after Motion filed |
| Reply in support of Class Certification Motion | 21 days after Opposition filed |
| Hearing on Class Certification Motion | Parties to confer regarding requested notice date prior to filing any motion |
| Dispositive Motion deadline | 60 days following ruling on class certification |
| Opposition to Dispositive Motion | 28 days after Dispositive Motion Deadline |
| Reply in support of Dispositive Motion | 21 days after Opposition filed |
| Final Pretrial Conference | 75 days following Dispositive Motion deadline (after parties' briefing is complete) |
| Trial | 21 days following Pretrial Conference |

**18. Trial**

Plaintiff has requested a jury trial. If a class is certified, it is estimated that the trial will take approximately six to eight days after a jury is empaneled.

**19. Disclosure of Non-party Interested Entities or Persons**

Each party has filed the required Certification of Interested Entities or Persons.

**20. Professional Conduct**

The undersigned represent that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

    The parties have no additional matters to raise.

Dated: September 5, 2024          **KELLER GROVER LLP**

By /s/ *Eric A. Grover*
    ERIC A. GROVER
    SARAH R. HOLLOWAY
    Attorneys for Plaintiff

Dated: September 5, 2024          **KIRKLAND & ELLIS LLP**

By /s/ *Robyn e. Bladow*
    ROBYN E. BLADOW
    DAVID I. HOROWITZ
    MICHAEL E. ROSENBERG
    Attorneys for Defendants

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305; Fax. 415.543.7861

**Filer's Attestation**

I, Eric A. Grover, am the ECF User whose identification and password are being used to file this JOINT CASE MANAGEMENT STATEMENT. Pursuant to General Order No. 45, ¶ X(B), I attest under penalty of perjury that concurrence in the filing of the document has been obtained from Defendant's counsel.

By: /s/ *Eric A. Grover*