# KIRKLAND & ELLIS LLP

Robyn E. Bladow
To Call Writer Directly:
+1 213 680 8634
robyn.bladow@kirkland.com

555 South Flower Street
Los Angeles, CA 90071
United States

+1 213 680 8400
www.kirkland.com

Facsimile:
+1 213 680 8500

April 7, 2025

**VIA ECF AND CHAMBERS COPIES**

The Honorable James Donato
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 11 – 19th Floor
450 Golden Gate Avenue
San Francisco, California 94012

Re: ***Dugger v. Kars4Kids Inc. et al.***, Case No. 3:24-cv-02419-JD; Defendant Kars4Kids' Discovery Dispute Letter Brief to Compel Plaintiff's Responses to Interrogatory Nos. 9, 12-17.

Dear Judge Donato:

Defendant Kars4Kids Inc. ("K4K") moves to compel Plaintiff Timothy Dugger to provide further responses to K4K's Interrogatory Nos. 9 and 12-17. Pursuant to Civil Local Rule 37-1, and this Court's Standing Order for Discovery in Civil Cases ¶ 18, undersigned counsel certifies that this letter follows a telephonic meet and confer held on March 25, 2025.[1] Excerpts of the discovery requests and responses at issue are attached as Exhibits A-C pursuant to this Court's Standing Order, ¶ 19.

Defendants have produced voluminous discovery consisting of nearly 4,000 documents comprising over 12,000 pages (including the entirety of K4K's production in the *Puterbaugh v. K4K* case) to date in response to more than 150 document requests, and continue to make rolling productions. Dugger, however, has produced just a handful of documents totaling 12 pages. Moreover, he refuses to provide K4K with basic background information, including his addresses and employment over the last 20 years, based on unfounded objections about purportedly impermissible subparts in K4K's Interrogatories. Dugger's discovery misconduct has put K4K at an unfair informational disadvantage months into discovery. K4K respectfully requests that Dugger be ordered to immediately comply with his discovery obligations and fully respond to the Interrogatories at issue.

**Dugger Should Be Compelled to Respond to K4K's Permissible Interrogatories.**

Dugger has refused to respond to basic interrogatories by impermissibly counting one interrogatory as multiple interrogatories. Thus, he counts Interrogatory Nos. 2-4, 9, and 11 as ***twenty*** separate requests (Ex. A) and then refuses to provide any response to Interrogatory Nos. 12-17 as a result (Ex. B). These requests should each count as one interrogatory and Dugger should be ordered to respond to Interrogatory Nos. 12-17. Courts generally agree that

---

[1] Defense counsel are located in Los Angeles, California, more than 50 miles away from Plaintiff's counsel's San Francisco office.

"interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question." *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006) (quoting *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998)). Interrogatory Nos. 2-4, 9, and 11 are all logically or factually subsumed within and necessarily related to the primary question, and Dugger's objections are an improper attempt to avoid providing basic discovery about his claims.

- Interrogatory No. 2 asks Dugger to identify the research he did about where to donate his vehicles and to provide details about that research. *See* Ex. A. Dugger says this Interrogatory is actually four interrogatories. *See id.* But the first question – explain all research you did into whether and where to donate your vehicles – is primary, and the subsequent questions are secondary. *See In re Lithium Ion Batteries Antitrust Litig.*, 2015 WL 1221924, at *3 (N.D. Cal. Mar. 17, 2015) (interrogatory asking party to "identify meetings or communications … during the relevant time period regarding eight subjects … and to provide details about the dates, participants, and subject matters of such meetings … count as a single interrogatory").

- Interrogatory No. 3 asks Dugger to identify and describe every advertisement, solicitation or information about K4K he relied upon and the relevant details. Ex. A. Dugger says it contains six discrete subparts. *See id.* But where, as here, the "[s]ubparts ask[] for facts, documents, and witnesses relating to a primary contention or allegation," they "are logically or factually related, and [] should be construed as subsumed in the primary question[.]" *Synopsys, Inc. v. Atoptech, Inc.*, 319 F.R.D. 293, 297 (N.D. Cal. 2016).

- Interrogatory No. 4 asks Dugger to describe discussions he had regarding each of his vehicle donations. Ex. A. Dugger counts this as three interrogatories, but it is one because it requests details regarding all conversations he had with anyone about donating his vehicles. *See* Fed. R. Civ. P. 33, Advisory Committee Notes, 1993 amendment ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication").

- Interrogatory No. 9 asks Dugger to identify whether he is a member of any social, political, religious, or professional organizations and to provide information about each. Ex. A. This is not four separate requests as Dugger contends; rather, "[t]his question, which asks for a yes or no answer [Are you a member of any organizations] and then asks for additional information based upon the response [list them], qualifies as a single interrogatory." *In re Lithium Ion Batteries Antitrust Litig.*, 2015 WL 1221924, at *4.

- Interrogatory No. 11 asks Dugger to "describe any direct or indirect preexisting (before retention) relationship with your counsel," and "anyone associated with your counsel or their law firms." Ex. A. "[B]ecause the subparts ask for details concerning a common theme," the subparts are subsumed within and necessarily related to the primary question. *In re Lithium Ion Batteries Antitrust Litig.*, 2015 WL 1221924, at *2-3 (interrogatory asking party "to describe its relationships with affiliates, joint ventures, or subsidiaries" as well as "those entities['] … functions, personnel, and mechanisms of oversight" counted as one interrogatory because it "concern[ed] a common theme"); *see also In re Questcor Pharms.,*

*Inc. Sec. Litig.*, 2015 WL 12672130, at *1 (C.D. Cal. Jan. 21, 2015) (finding that interrogatories that ask about a single common theme are not compound).

Dugger's numerical objections should be overruled, and he should be compelled to provide substantive responses to Interrogatory Nos. 12-17.

**Dugger Put His Personal Beliefs at Issue and Must Respond to Interrogatory No. 9.**

Dugger provided only a partial and evasive response to Interrogatory No. 9. It asks Dugger to identify whether he is or has been a member of any political, religious, social, or professional groups. Ex. C. Dugger objected to the Interrogatory as "overbroad, unduly burdensome, irrelevant … and not proportional" and claims it "seeks private, personal information." *Id.* Each of these objections are meritless. "It is well-established that a plaintiff cannot bring suit and then limit the defendant's discovery that is targeted at the subject matter of the plaintiff's claims." *In re Apple Inc. Device Performance Litig.*, 2019 WL 3973752, at *2 (N.D. Cal. Aug. 22, 2019). Here, the information sought is directly relevant to K4K's defenses, the veracity of Dugger's allegations, and his adequacy as a class representative.

Dugger alleges that he "would not have donated his vehicle to Kars4Kids had he known the truth about how it and Oorah would use his donation." ECF 1 ¶ 7. And in his opposition to the Motion to Dismiss, he argued that K4K and Oorah conspired "for the common purpose of soliciting donations to fund Oorah's proselytizing activities and investments, under the guise of 'helping' needy children." ECF 25 at 10; *see also id.* at 14, 14 n.51, 16, 17 n.69, 19. Understanding what groups, if any, Dugger is a member of is relevant to testing the veracity of his claim that he would not have donated his near 30-year-old pickup truck with over 200,000 miles to a charity he had twice donated to had he known the proceeds would support Jewish children. Dugger's personal and professional associations—including the extent to which he has previously supported the advancement of a broad spectrum of peoples—are germane to assessing whether Dugger in fact relied on K4K's purported omission and whether it was material to his decision. This information is also relevant towards whether Plaintiff is a "reasonable consumer" and whether he is an adequate class representative.

Dugger cannot reasonably contend the Interrogatory is burdensome—if he is not a member of any of the types of groups requested, he should state that. Nor is any personal privacy objection well-taken in light of the parties' proposed Stipulated Protective Order. ECF 36.

Respectfully submitted,
By: */s/ Robyn E. Bladow*
Robyn E. Bladow (SBN 205189)

*Attorney for Defendants Kars4Kids Inc. and Oorah, Inc.*
