# EXHIBIT A

# EXCERPT OF INTERROGATORY NOS. 2, 3, 4, 9, AND 11

ERIC A. GROVER (SBN 136080)
eagrover@kellergrover.com
SARAH R. HOLLOWAY (SBN 254134)
sholloway@kellergrover.com
**KELLER GROVER LLP**
1965 Market Street
San Francisco, California 94103
Telephone: (415) 543-1305
Facsimile: (415) 543-7861

*Attorneys for Plaintiff*
Timothy Dugger

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TIMOTHY DUGGER, individually and on behalf of classes of similarly situated individuals,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KARS4KIDS INC. and OORAH INC., inclusive,<br><br>　　　　　　Defendants | Case No: 1:24-CV-02419-JD<br><br>**PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT KARS4KIDS' INTERROGATORIES TO PLAINTIFF TIMOTHY DUGGER (SET ONE)**<br><br>Judge:　　Hon. James Donato<br>Courtroom:　11, 19th Floor<br><br>Complaint Filed: April 23, 2024 |

*(sidebar)* KELLER GROVER LLP — 1965 Market Street, San Francisco, CA 94103 — Tel. 415.543.1305 | Fax 415.543.7861

1  to Defendant engaging in meaningful discovery.

2      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

3  Plaintiff seeks treble damages associated with his and other putative class members' vehicle

4  donations to Kars4Kids during the proposed class period pursuant to his RICO claims (First and

5  Second Causes of Action), and restitution and injunctive relief associated with his and other

6  putative class members' vehicle donations to Kars4Kids during the proposed class period

7  pursuant to his FAL and UCL claims (Third and Fourth Causes of Action).  The statutory

8  measures of relief for Plaintiff's claims are provided at 18 U.S.C. § 1964(c) and Cal. Bus. & Prof.

9  Code § 17535.  Plaintiff also seeks costs and reasonable attorney's fees as allowed by 18 U.S.C. §

10  1964(c), Cal. Code of Civ. Proc. § 1021.5, and other state and federal statutes, and all interest as

11  allowed by law.  Responding to this Interrogatory with further specificity requires additional

12  discovery from Defendant and expert analysis.  Plaintiff will supplement his response and/or

13  produce additional material regarding the calculation of damages at an appropriate time prior to

14  the completion of fact and/or expert discovery.

15  ==INTERROGATORY NO. 2:==

16      Describe and explain all research you did into whether and where to donate your 1986

17  Nissan Sentra, your 1994 Toyota 4Runner, and your 1988 Toyota Pickup prior to each donation

18  and the dates of that research, including any research you did into charities other than Kars4Kids,

19  and for each organization researched, what you did to determine that organization's charitable

20  mission and what you would have received from that organization in exchange for your

21  donation.

22  **RESPONSE TO INTERROGATORY NO. 2:**

23      Plaintiff incorporates the Preliminary Statement and General Objections stated above.

24  Plaintiff objects to the phrases "all research" and "whether and where to donate" as vague and

25  ambiguous.  Plaintiff further objects to this Interrogatory on the grounds that it is overly broad,

26  unduly burdensome and seeks information not relevant to the claims or defenses or proportional

27  to the needs of the case.  As stated, this Request purports to seek information relating to vehicle

28  donations well outside the liability period, making it overly broad, unduly burdensome,

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

irrelevant to the claims and defenses of this action, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that it lacks any temporal restriction(s) and seeks information concerning activities that are not the subject of and are irrelevant to this litigation. Plaintiff further objects that this Interrogatory assumes facts not in evidence. Plaintiff further objects to this Interrogatory as compound. As stated, this Interrogatory contains at least four discrete subparts, requiring Plaintiff to: (1) describe and explain all research you did into whether and where to donate your 1986 Nissan Sentra; (2) describe and explain all research you did into whether and where to donate your 1994 Toyota 4Runner; (3) describe and explain all research you did into whether and where to donate your 1988 Toyota Pickup; and (4) for each organization researched, describe and explain what you did to determine that organization's charitable mission and what you would have received from that organization in exchange for your donation.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

1. With respect to his donation of a 1986 Nissan Sentra, Plaintiff stands on his objections stated herein.

2. With respect to his donation of a 1994 Toyota 4Runner, Plaintiff stands on his objections stated herein.

3. With respect to his donation of a 1988 Toyota Pickup, Plaintiff responds as follows: Plaintiff viewed and heard Kars4Kids television commercials soliciting vehicle donations several times prior to donating his 1988 Toyota Pickup, including during the weeks and months immediately preceding his donation. Plaintiff does not know the exact dates on which he viewed and heard Kars4Kids' television commercials. Plaintiff donated his 1988 Toyota Pickup to Kars4Kids in or around November 2023.

4. Plaintiff relied on the representations in Kars4Kids' television commercials in deciding to donate his 1988 Toyota Pickup to Kars4Kids.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

1. With respect to his donation of a 1986 Nissan Sentra, Plaintiff responds as follows:

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    To the best of his current recollection, Plaintiff believes that he viewed and heard

2    Kars4Kids television commercials at his home in Lake County, California soliciting

3    vehicle donations several times prior to donating his 1986 Nissan Sentra, including

4    during the weeks and months immediately preceding his donation.  Plaintiff does not

5    know the exact dates on which he viewed and heard Kars4Kids' television

6    commercials.  Plaintiff does not presently recall when he donated his 1986 Nissan

7    Sentra, but to the best of his current recollection, he believes that it was over 10 years

8    ago.

9    2.   With respect to his donation of a 1994 Toyota 4Runner, Plaintiff responds as follows:

10   To the best of his current recollection, Plaintiff believes that he viewed and heard

11   Kars4Kids television commercials at his home in Lake County, California soliciting

12   vehicle donations several times prior to donating his 1994 Toyota 4Runner, including

13   during the weeks and months immediately preceding his donation.  Plaintiff does not

14   know the exact dates on which he viewed and heard Kars4Kids' television

15   commercials.  Plaintiff does not presently recall when he donated his 1994 Toyota

16   4Runner, but to the best of his current recollection, he believes that it was over five

17   years ago.

18   3.   With respect to his donation of a 1988 Toyota Pickup, Plaintiff responds as follows:

19   Plaintiff viewed and heard Kars4Kids television commercials soliciting vehicle

20   donations at his home in Lake County, California several times prior to donating his

21   1988 Toyota Pickup, including during the weeks and months immediately preceding

22   his donation.  Plaintiff does not know the exact dates on which he viewed and heard

23   Kars4Kids' television commercials.  Plaintiff donated his 1988 Toyota Pickup to

24   Kars4Kids in or around November 2023.

25   4.   Plaintiff relied on the representations in Kars4Kids' television commercials in

26   deciding to donate his 1986 Nissan Sentra, 1994 Toyota 4Runner and 1988 Toyota

27   Pickup to Kars4Kids.

28

**INTERROGATORY NO. 3:**

Identify and describe every advertisement, solicitation, or other information for or about Kars4Kids that you viewed regarding Kars4Kids or relied upon in deciding to donate your vehicles to Kars4Kids. For purposes of this Interrogatory, describe with particularity the contents of each and every advertisement or solicitation; the medium or form through which the advertisement or solicitation was made; the dates of each and every time you viewed the advertisement or solicitation; how you relied upon the advertisement or solicitation if at all (including any specific actions that you allege you took); your understanding of the advertisement or solicitation; and how specifically you contend the advertisement or solicitation is false, misleading, and/or deceptive.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates the Preliminary Statement and General Objections stated above. Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, irrelevant and not proportional to the needs of the case in that it seeks "every advertisement, solicitation, or other information for or about Kars4Kids that you viewed . . ." Plaintiff further objects that the phrase "every advertisement, solicitation, or other information for or about Kars4Kids that you viewed regarding Kars4Kids" is vague, ambiguous and unintelligible. Plaintiff further objects to this Interrogatory as cumulative and duplicative of other Interrogatories, including Interrogatory No. 2. Plaintiff further objects to this Interrogatory on the grounds that it lacks any temporal or subject matter restrictions and seeks information that is not the subject of and is irrelevant to this litigation. Plaintiff further objects to this Interrogatory to the extent is seeks information relating to vehicle donations outside the liability period, thereby making it overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects that this Interrogatory assumes facts not in evidence. Plaintiff further objects to this Interrogatory to the extent it seeks information in Defendant's exclusive possession or equally available to Defendant. Plaintiff further objects to this Interrogatory's use of the terms "each" and "every" as both premature and unduly burdensome because (i) discovery has only recently commenced; and (ii) the Interrogatory requires Plaintiff to reduce such

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

advertisements, solicitations, or other information (if any) to writing when less burdensome means are available to Defendant to obtain the same information. Plaintiff further objects to the Interrogatory as calling for investigative materials prepared by their counsel, which are protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this Interrogatory as compound. As stated, this Interrogatory contains at least six discrete subparts, requiring Plaintiff to describe with particularity: (1) the contents of each and every advertisement or solicitation, or other information for or about Kars4Kids that you viewed regarding Kars4Kids or relied upon in deciding to donate your vehicles to Kars4Kids; and, for each advertisement or solicitation, provide (2) the medium or form through which the advertisement or solicitation was made; (3) the dates of each and every time you viewed the advertisement or solicitation; (4) how you relied upon the advertisement or solicitation if at all (including any specific actions that you allege you took); (5) your understanding of the advertisement or solicitation; and (6) how specifically you contend that the advertisement or solicitation is false, misleading, and/or deceptive.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: With regard to Plaintiff's donation of a 1988 Toyota Pickup, Plaintiff responds to each discrete subpart as follows:

1.    Plaintiff viewed and heard Kars4Kids' television commercials soliciting vehicle donations. In these commercials, children play (or pretend to play) musical instruments in a band, sing a jingle about Kars4Kids, and direct viewers to donate their vehicles to Kars4Kids. Plaintiff directs Defendant to paragraphs 28-29 of the Class Action Complaint for Violations of Federal Racketeering, California False Advertising, and California Unfair Competition Laws filed in this action (Dkt. No. 1) for a description of what Plaintiff believes to be the content, or substantially similar to the content, of these commercials. The full content of these commercials, as they were broadcast in California during the time Plaintiff viewed them, is within Defendant's exclusive possession, custody and control. Plaintiff has requested that Defendant produce documents, videos and information relating to the content of these commercials. Discovery is continuing.

Plaintiff also received and viewed Official Receipts by letter, dated 11/14/23, from Kars4Kids in or around February 2024. One letter also enclosed information about a "Vacation Breakaway," along with an "Activation Form." Plaintiff directs Defendant to documents Bates labeled P0001-P00010 produced by Plaintiff with his Initial Disclosures.

2.     Plaintiff viewed and heard Kars4Kids' commercial solicitations through the medium of television. Plaintiff received the Official Receipts and Vacation Breakaway documents through the medium of mailed letter.

3.     Plaintiff viewed and heard Kars4Kids' television commercials numerous times prior to donating his 1988 Toyota Pickup to Kars4Kids, including during the weeks and months immediately prior to his donation. Plaintiff does not know the exact dates on which he viewed and heard Kars4Kids' television commercials. Plaintiff donated his 1988 Toyota Pickup to Kars4Kids in or around November 2023. Plaintiff viewed the Official Receipts and Vacation Breakaway documents after he received them in or around February 2024.

4.     Plaintiff relied on the representations in Kars4Kids television commercials in donating his 1988 Toyota Pickup to Kars4Kids. After viewing Kars4Kids' television commercials, Plaintiff called the telephone number provided in the commercials (1-877-KARS4KIDS) to inquire about donating his vehicle to Kars4Kids in or around November 2023. Plaintiff then donated his 1988 Toyota Pickup to Kars4Kids pursuant to Kars4Kids' donation process.

5.     Plaintiff understood from Kars4Kids' television commercials that it was soliciting vehicle donations for the charitable purpose of helping needy or disadvantaged children, including in California. Based on the representations in Kars4Kids' commercials, Plaintiff reasonably understood that Kars4Kids would use his vehicle donation to benefit needy or disadvantaged children in California, without regard to any particular racial, ethnic, or religious affiliation.

6.     In addition to the foregoing objections, Plaintiff objects to Subpart No. 6 of this Interrogatory as seeking all facts that support Plaintiff's contentions. Such Interrogatory constitutes a premature contention interrogatory, propounded before Defendant has engaged in

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

meaningful fact discovery and before fact discovery is complete or substantially complete. Plaintiff objects that such contention interrogatories are improper, unproductive, and unduly burdensome at this time.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: With regard to Plaintiff's donation of a 1986 Nissan Sentra, Plaintiff responds to each discrete subpart as follows:

1.      Plaintiff viewed and heard Kars4Kids' television commercials soliciting vehicle donations at his home in Lake County, California.  The full content of these commercials, as they were broadcast in Lake County, California during the time Plaintiff viewed them, is within Defendant's exclusive possession, custody and control.  Plaintiff has requested that Defendant produce documents, videos and information relating to the content of these commercials. Discovery is continuing.

Plaintiff believes that he also received and viewed a receipt or letter from Kars4Kids after making his donation.  Plaintiff does not presently recall the date or content of that document.

2.      Plaintiff viewed and heard Kars4Kids' commercial solicitations through the medium of television.  Plaintiff believes that he received the receipt or letter from Kars4Kids through the medium of mailed letter.

3.      To the best of his current recollection, Plaintiff believes that he viewed and heard Kars4Kids television commercials soliciting vehicle donations several times at his home in Lake County, California prior to donating his 1986 Nissan Sentra, including during the weeks and months immediately preceding his donation.  Plaintiff does not know the exact dates on which he viewed and heard Kars4Kids' television commercials.  Plaintiff does not presently recall when he donated his 1986 Nissan Sentra, but to the best of his current recollection, he believes it was over 10 years ago.  Plaintiff does not recall when he viewed the receipt or letter from Kars4Kids but believes it was after he donated his 1986 Nissan Sentra to Kars4Kids.

4.      Plaintiff relied on the representations in Kars4Kids television commercials in donating his 1986 Nissan Sentra to Kars4Kids.      After viewing Kars4Kids' television

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

commercials, Plaintiff called the telephone number provided in the commercials to inquire about donating his vehicle to Kars4Kids. Plaintiff then donated his 1986 Nissan Sentra to Kars4Kids pursuant to Kars4Kids' donation process.

5.      Plaintiff understood from Kars4Kids' television commercials that it was soliciting vehicle donations for the charitable purpose of helping needy or disadvantaged children, including in California. Based on the representations in Kars4Kids' commercials, Plaintiff reasonably understood that Kars4Kids would use his vehicle donation to benefit needy or disadvantaged children in California, without regard to any particular racial, ethnic, or religious affiliation.

6.      In addition to the foregoing objections, Plaintiff objects to Subpart No. 6 of this Interrogatory as seeking all facts that support Plaintiff's contentions. Such Interrogatory constitutes a premature contention interrogatory, propounded before Defendant has engaged in meaningful fact discovery and before fact discovery is complete or substantially complete. Plaintiff objects that such contention interrogatories are improper, unproductive, and unduly burdensome at this time.

With regard to Plaintiff's donation of a 1994 Toyota 4Runner, Plaintiff responds to each discrete subpart as follows:

1.      Plaintiff viewed and heard Kars4Kids' television commercials soliciting vehicle donations at his home in Lake County, California. The full content of these commercials, as they were broadcast in Lake County, California during the time Plaintiff viewed them, is within Defendant's exclusive possession, custody and control. Plaintiff has requested that Defendant produce documents, videos and information relating to the content of these commercials. Discovery is continuing.

Plaintiff believes that he also received and viewed a receipt or letter from Kars4Kids after making his donation. Plaintiff does not presently recall the date or content of that document.

2.      Plaintiff viewed and heard Kars4Kids' commercial solicitations through the medium of television. Plaintiff believes that he received the receipt or letter from Kars4Kids through the medium of mailed letter.

3.      To the best of his current recollection, Plaintiff believes that he viewed and heard

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Kars4Kids television commercials soliciting vehicle donations several times at his home in Lake County, California prior to donating his 1994 Toyota 4Runner, including during the weeks and months immediately preceding his donation. Plaintiff does not know the exact dates on which he viewed and heard Kars4Kids' television commercials. Plaintiff does not presently recall when he donated his 1994 Toyota 4Runner, but to the best of his current recollection, he believes it was over five years ago. Plaintiff does not recall when he viewed the receipt or letter from Kars4Kids but believes it was after he donated his 1994 Toyota 4Runner to Kars4Kids.

4.     Plaintiff relied on the representations in Kars4Kids television commercials in donating his 1994 Toyota 4Runner to Kars4Kids. After viewing Kars4Kids' television commercials, Plaintiff called the telephone number provided in the commercials to inquire about donating his vehicle to Kars4Kids. Plaintiff then donated his 1994 Toyota 4Runner to Kars4Kids pursuant to Kars4Kids' donation process.

5.     Plaintiff understood from Kars4Kids' television commercials that it was soliciting vehicle donations for the charitable purpose of helping needy or disadvantaged children, including in California. Based on the representations in Kars4Kids' commercials, Plaintiff reasonably understood that Kars4Kids would use his vehicle donation to benefit needy or disadvantaged children in California, without regard to any particular racial, ethnic, or religious affiliation.

6.     In addition to the foregoing objections, Plaintiff objects to Subpart No. 6 of this Interrogatory as seeking all facts that support Plaintiff's contentions. Such Interrogatory constitutes a premature contention interrogatory, propounded before Defendant has engaged in meaningful fact discovery and before fact discovery is complete or substantially complete. Plaintiff objects that such contention interrogatories are improper, unproductive, and unduly burdensome at this time.

**INTERROGATORY NO. 4:**

Identify all Persons with whom you discussed each of your three vehicle donations to Kars4Kids, the date of the discussions, and the subject matter of any discussions, and describe any documents or other materials these Persons may have in their possession regarding your donations.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**<u>RESPONSE TO INTERROGATORY NO. 4</u>:**

Plaintiff incorporates the Preliminary Statement and General Objections stated above. Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, irrelevant and not proportional to the needs of the case in that it seeks "all Persons" with whom Plaintiff discussed his vehicle donations and "any documents or other materials" they, including third parties, may have regarding Plaintiff's donations. Plaintiff further objects to this Interrogatory to the extent is seeks information relating to vehicle donations outside the liability period, thereby making it overly broad, unduly burdensome, irrelevant to the claims and defenses of the action, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory to the extent it seeks information in Defendant's possession, custody or control, or equally available to Defendant. Plaintiff further objects to the Interrogatory as calling for the identification of documents and information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff further objects to the Interrogatory as overbroad and unduly burdensome, as it places no limitation on the subject matter of the information sought and seeks information neither relevant to the claims or defenses in this case nor proportional to the needs of the case. Plaintiff further objects to this Interrogatory as compound. As stated, this Interrogatory contains at least three discrete subparts, each with multiple additional subparts, requiring Plaintiff to: (1) identify all Persons with whom you discussed your [1986 Nissan Sentra] donation to Kars4Kids, the date of the discussions, the subject matter of any discussions, and describe any documents or other materials these Persons may have in their possession regarding your donations; (2) identify all Persons with whom you discussed your [1994 Toyota 4Runner] donation to Kars4Kids, the date of the discussions, the subject matter of any discussions, and describe any documents or other materials these Persons may have in their possession regarding your donations; and (3) identify all Persons with whom you discussed your [1988 Toyota Pickup] donation to Kars4Kids, the date of the discussions, the subject matter of any discussions, and describe any documents or other materials these Persons may have in their possession regarding your donations.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff had the following communications relating to the donation of his 1988 Toyota Pickup. In or around November 2023, Plaintiff called the number provided in Kars4Kids' television commercials (1-877-KARS4KIDS) to inquire about donating his 1988 Toyota Pickup and spoke to a Kars4Kids representative or agent. Plaintiff does not know the exact date of the communication. Plaintiff also does not know the name or title of the Kars4Kids representative or agent to which he spoke. Plaintiff and the Kars4Kids representative or agent discussed the donation of Plaintiff's vehicle and Kars4Kids' donation process, including that Kars4Kids would send someone to Plaintiff's residence to retrieve the vehicle. Plaintiff does not know what documents or materials the Kars4Kids representative or agent may possess regarding Plaintiff's donation.

During the weeks following his November 2023 phone call, Plaintiff called the number provided in Kars4Kids' television commercials (1-877-KARS4KIDS) several more times to inquire as to why Kars4Kids had not come to retrieve the vehicle and when they would arrive. Plaintiff estimates that he called Kars4Kids around 10 times. Each time, Plaintiff spoke to a Kars4Kids representative or agent. Plaintiff does not know the exact dates of these communications, but believes they occurred sometime around November 2023 – January 2024. Plaintiff does not know the name or title of the Kars4Kids representatives or agents to which he spoke. Plaintiff does not know what documents or materials the Kars4Kids representatives or agents may possess regarding Plaintiff's donation.

In or around December 2023 or January 2024, a representative or agent of a towing company came to Plaintiff's residence to retrieve his 1988 Toyota Pickup. Plaintiff and the towing company representative or agent discussed the removal of Plaintiff's vehicle and Plaintiff's transfer of title. Plaintiff does not know the exact date of the communication. Plaintiff also does not know the name of the towing company or the name or title of the representative or agent to which he spoke. Plaintiff does not know what documents or materials the towing company representative or agent may possess regarding Plaintiff's donation.

After the towing company removed his vehicle, Plaintiff called the number provided in

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

Kars4Kids' television commercials (1-877-KARS4KIDS) and spoke to a Kars4Kids representative or agent. Plaintiff believes this occurred on the same day the vehicle was removed, which he believes was in or around December 2023 or January 2024. Plaintiff informed the Kars4Kids representative or agent that the towing company had retrieved the vehicle. The Kars4Kids representative or agent informed Plaintiff that Kars4Kids would send him a tax receipt. Plaintiff does not know the name or title of the Kars4Kids representative or agent to which he spoke. Plaintiff also does not know what documents or materials the Kars4Kids representative or agent may possess regarding Plaintiff's donation.

After the towing company retrieved the 1988 Toyota Pickup, Plaintiff had a conversation with Kevin Murray where he mentioned his donation. Plaintiff told Mr. Murray that he had donated his vehicle to Kars4Kids. Mr. Murray informed Plaintiff that there was a lawsuit against Kars4Kids claiming that Kars4Kids does not use donation proceeds to help needy kids in California but instead sends the proceeds to New Jersey to fund Jewish religious activities. Plaintiff does not know the exact date of this conversation, but estimates that it was approximately one month after the towing company retrieved his vehicle, in or around February or March 2024. Plaintiff is not aware of any documents or materials in Mr. Murray's possession regarding Plaintiff's donation and believes that none exist.

Plaintiff is not aware of any other non-privileged communications relevant to the claims or defenses in this action relating to his donation of the 1988 Toyota Pickup. Plaintiff otherwise stands on his objections stated herein.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: With respect to his donation of a 1986 Nissan Sentra, Plaintiff responds as follows: Prior to donating his 1986 Nissan Sentra, Plaintiff called the telephone number provided in Kars4Kids' television commercials to inquire about donating his vehicle and spoke to a Kars4Kids representative or agent. Plaintiff does not know the exact date of this communication. Plaintiff also does not know the name or title of the Kars4Kids representative or agent to which he spoke. Plaintiff does not presently recall the content of this communication. However, Plaintiff believes

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1  that he and the Kars4Kids representative or agent likely discussed the donation of Plaintiff's

2  vehicle and Kars4Kids' donation process.  Plaintiff does not know what documents or materials

3  the Kars4Kids representative or agent may possess regarding Plaintiff's donation.

4  Sometime after speaking with the Kars4Kids representative or agent, a representative or

5  agent of Kars4Kids and/or a third-party towing company came to Plaintiff's residence to retrieve

6  his 1986 Nissan Sentra.  Plaintiff does not know the exact date this occurred.  Plaintiff does not

7  recall the content of any communication with the towing representative or agent.  However,

8  Plaintiff believes that he and the towing representative or agent likely discussed the removal of

9  Plaintiff's vehicle and Plaintiff's transfer of title.  Plaintiff also does not know the name of the

10  towing company or the name or title of the representative or agent to which he spoke.  Plaintiff

11  does not know what documents or materials the towing representative or agent may possess

12  regarding Plaintiff's donation.

13  Plaintiff is not presently aware of any other non-privileged communications relevant to

14  the claims or defenses in this action relating to his donation of the 1986 Nissan Sentra.  Plaintiff

15  otherwise stands on his objections stated herein.

16  With respect to his donation of a 1994 Toyota 4Runner, Plaintiff responds as follows:

17  Prior to donating his 1994 Toyota 4Runner, Plaintiff called the telephone number provided in

18  Kars4Kids' television commercials to inquire about donating his vehicle and spoke to a

19  Kars4Kids representative or agent.  Plaintiff does not know the exact date of this communication.

20  Plaintiff also does not know the name or title of the Kars4Kids representative or agent to which

21  he spoke.  Plaintiff does not presently recall the content of this communication.  However,

22  Plaintiff believes that he and the Kars4Kids representative or agent likely discussed the donation

23  of Plaintiff's vehicle and Kars4Kids' donation process.  Plaintiff does not know what documents

24  or materials the Kars4Kids representative or agent may possess regarding Plaintiff's donation.

25  Sometime after speaking with the Kars4Kids representative or agent, a representative or

26  agent of Kars4Kids and/or a third-party towing company came to Plaintiff's residence to retrieve

27  his 1994 Toyota 4Runner.  Plaintiff does not know the exact date this occurred.  Plaintiff does not

28  recall the content of any communication with the towing representative or agent.  However,

1    Plaintiff believes that he and the towing representative or agent likely discussed the removal of

2    Plaintiff's vehicle and Plaintiff's transfer of title.  Plaintiff also does not know the name of the

3    towing company or the name or title of the representative or agent to which he spoke.  Plaintiff

4    does not know what documents or materials the towing representative or agent may possess

5    regarding Plaintiff's donation.

6        Plaintiff is not presently aware of any other non-privileged communications relevant to

7    the claims or defenses in this action relating to his donation of the 1994 Toyota 4Runner.

8    Plaintiff otherwise stands on his objections stated herein.

9    **INTERROGATORY NO. 5:**

10       Identify and describe all communications you had with Kars4Kids or Oorah and their

11   agents or representatives, including the date of the communication, the subject matter of the

12   communication, the medium and form of the communication (orally or written; over the phone or

13   in person), and the name and title of the person with whom the communication was with.

14   **RESPONSE TO INTERROGATORY NO. 5:**

15       Plaintiff incorporates the Preliminary Statement and General Objections stated above.

16   Plaintiff further objects to the terms "agents or representatives" as vague, ambiguous and

17   undefined.  Plaintiff further objects to this Interrogatory to the extent it seeks information outside

18   the liability period, thereby making it overly broad, unduly burdensome, irrelevant and not

19   reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to

20   this Interrogatory to the extent it seeks information in Defendant's possession, custody or

21   control, or equally available to Defendant.  Plaintiff further objects to the Interrogatory as

22   overbroad and unduly burdensome, as it sees "all communications" with no limitation on the

23   subject matter of the information sought and seeks information neither relevant to the claims or

24   defenses in this case nor proportional to the needs of the case.

25       Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

26   Plaintiff had the following communications with Kars4Kids or Oorah relating to the donation of

27   his 1988 Toyota Pickup during the time period April 23, 2020-present.  In or around November

28   2023, Plaintiff called the number provided in Kars4Kids' television commercials (1-877-

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

representations in Kars4Kids television commercials in donating his vehicles to Kars4Kids. Identification of the precise commercials, content and frequency that Kars4Kids broadcast in California during the time period when Plaintiff viewed them prior to his November 2023 donation is within Defendants' exclusive possession, custody and control.  Based on the representations in Kars4Kids' commercials, Plaintiff reasonably understood that it was soliciting vehicle donations for the charitable purpose of helping needy or disadvantaged children in California, where the commercials were broadcast, without regard to any specific racial, ethnic, or religious affiliation.  At the time of his donation, Plaintiff was unaware that Kars4Kids instead transferred donation proceeds to Oorah; that Oorah used those donation proceeds to promote religious orthodox outreach activities to families of only one religion in one geographically limited area; or that both Kars4Kids and Oorah used donation proceeds to fund their significant expenses and investments – as Kars4Kids' commercials did not disclose these.

**INTERROGATORY NO. 9:**

Identify whether you currently are or ever have been a member of any political, religious, social, or professional groups and, if so, the name of each organization and the dates of membership.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff incorporates the Preliminary Statement and General Objections stated above. Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, irrelevant to the claims and defenses of this case, and not proportional to the needs of the case.  Plaintiff further objects to this Interrogatory in that it seeks information about "any political, religious, social, or professional groups" Plaintiff has been a member of at any point in his lifetime, without any temporal limitations, making it overly broad, unduly burdensome, and irrelevant.  Plaintiff further objects to the Interrogatory as overbroad, unduly burdensome and irrelevant in that it places no limitation on the subject matter of the information sought and seeks information not relevant to the claims and defenses of this case.  Plaintiff further objects to the words and phrases "political," "religious," "social," and "professional groups" as vague, ambiguous and undefined.  Plaintiff further objects to this Interrogatory as compound.  As stated, this Interrogatory contains

at least four discrete subparts, requiring Plaintiff to identify: (1) whether you currently are or ever have been a member of any political groups and, if so, the name of each organization and the dates of membership; (2) whether you currently are or ever have been a member of any religious groups and, if so, the name of each organization and the dates of membership; (3) whether you currently are or ever have been a member of any social groups and, if so, the name of each organization and the dates of membership; and (4) whether you currently are or ever have been a member of any professional groups and, if so, the name of each organization and the dates of membership.  Plaintiff further objects that this Interrogatory assumes facts not in evidence.  Plaintiff further objects to this clearly irrelevant Interrogatory on the grounds that it seeks private, personal information and is intended to annoy, harass and badger Plaintiff.

**INTERROGATORY NO. 10:**

Identify and describe all charitable contributions you made between January 1, 2000 and the present, including for each the date of the donation, the name of the organization to which you donated, the charitable mission of the organization, and a description of the items donated or the dollar amount donated to that organization.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff incorporates the Preliminary Statement and General Objections stated above. Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, irrelevant and not proportional to the needs of the case, as it purports to requires him to "identify" and "describe" "all charitable contributions" made between January 1, 2000 and the present, an over 25-year span.  Plaintiff further objects to the Interrogatory as overly broad, unduly burdensome and irrelevant in that it places no limitation on the subject matter of the information sought and seeks information neither relevant to the claims or defenses in this case nor proportional to the needs of the case.  Plaintiff further objects to this Interrogatory in that it seeks information in Defendant's possession, custody or control, or equally available to Defendant.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: During the time period April 23, 2020-present, Plaintiff made the following charitable donations: In or around November 2023, Plaintiff donated a 1988 Toyota Pickup to Kars4Kids.  Plaintiff

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

received multiple Official Receipts by letter, dated 11/14/23, from Kars4Kids in or around February 2024 relating to this donation.  Plaintiff directs Defendant to documents Bates labeled P0001-P0010 produced by Plaintiff with his Initial Disclosures.

During the time period April 23, 2020-present, Plaintiff also made donations to Hospice located in Clearlake, California.  Plaintiff's donations included used clothing and household items.  Plaintiff understands that Hospice re-sells these donations at its thrift stores to benefit Hospice patients and families.  Plaintiff does not know how many times he donated to Hospice or the dates of his donations to Hospice but estimates that he donated approximately once per year.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: During the time period between 2015 and April 23, 2020, Plaintiff made the following donations: Plaintiff donated a 1986 Nissan Sentra to Kars4Kids. Plaintiff does not presently recall when he donated his 1986 Nissan Sentra, but to the best of his current recollection, he believes it was over 10 years ago. Plaintiff also donated a 1994 Toyota 4Runner to Kars4Kids. Plaintiff does not presently recall when he donated his 1994 Toyota 4Runner, but to the best of his current recollection, he believes it was over five years ago.  Plaintiff may have also donated used clothing and household items to Hospice and money to St. Jude Children's Hospital during this time frame.  However, Plaintiff cannot presently recall the dates of those donations, if they occurred within this timeframe, or the amounts of the donations. Plaintiff understands that Hospice re-sells donations at its thrift stores to benefit Hospice patients and families, and that St. Jude Children's Hospital provides medical services for children with cancer. Plaintiff cannot presently recall any other charitable donations.

**INTERROGATORY NO. 11:**

Describe any direct or indirect preexisting (before retention) relationship with your counsel in this litigation or any member or employee of their law firms or anyone associated with your counsel or their law firms, including whether your relationship is/was a business, social, familial, or blood relationship, or prior representation.

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff incorporates the Preliminary Statement and General Objections stated above. Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, irrelevant to the claims and defenses of this case, and not proportional to the needs of the case. Plaintiff further objects to this Interrogatory in that it seeks information about "any direct or indirect preexisting (before retention) relationship," without any temporal limitations, making it overly broad, unduly burdensome, and irrelevant. Plaintiff further objects to the Interrogatory as overbroad, unduly burdensome and irrelevant in that it places no limitation on the subject matter of the information sought and seeks information not relevant to the claims and defenses of this case. Plaintiff further objects to the phrases "direct or indirect preexisting (before retention) relationship" and "associated with your counsel or their law firms" as vague, ambiguous and undefined. Plaintiff further objects to the words "business," "social," "familial," and "blood relationship" as vague, ambiguous and undefined. Plaintiff further objects to this Interrogatory as compound. As stated, this Interrogatory contains at least three discrete subparts, requiring Plaintiff to: (1) describe any direct or indirect preexisting (before retention) relationship with your counsel in this litigation; (2) describe any direct or indirect preexisting (before retention) relationship with any member or employee of their law firms; and (3) describe any direct or indirect preexisting (before retention) relationship with anyone associated with your counsel or their law firms. Plaintiff further objects that this Interrogatory assumes facts not in evidence.

Subject to and without waiving the foregoing objections, Plaintiff responds to each discrete subpart as follows:

1. To the best of his knowledge, Plaintiff is not aware of any preexisting relationship with his counsel in this litigation.

2. To the best of his knowledge, Plaintiff is not aware of any preexisting relationship with any person(s) known to Plaintiff to be a member or employee of his counsel's firms.

3. To the extent Plaintiff understands what Defendant means by the phrase "associated with your counsel or their law firms," to the best of his knowledge, Plaintiff is not

KELLER GROVER LLP
1965 Market Street, San Francisco, CA 94103
Tel. 415.543.1305 | Fax 415.543.7861

1    aware of any preexisting relationship with any person(s) known to Plaintiff to be

2    associated with his counsel or their law firms.

3    **INTERROGATORY NO. 12:**

4    Identify all usernames and handles you have used on any online forums, Internet

5    websites, or other forms of social media and the particular social media platform, online forum,

6    or website with which each of those handles is attached.

7    **RESPONSE TO INTERROGATORY NO. 12:**

8    Plaintiff incorporates the Preliminary Statement and General Objections stated above.

9    Plaintiff objects to this Interrogatory as overbroad, unduly burdensome, irrelevant to the claims

10    and defenses of this case, and not proportional to the needs of the case.  Plaintiff further objects

11    to this Interrogatory in that it seeks information about "all usernames and handles" that Plaintiff

12    has used on "any online forums, Internet websites, or other forms of social media" without any

13    temporal limitations, making it overly broad, unduly burdensome, and irrelevant.   Plaintiff

14    further objects to the Interrogatory as overbroad, unduly burdensome and irrelevant in that it

15    places no limitation on the subject matter of the information sought and seeks information not

16    relevant to the claims and defenses of this case.  Plaintiff further objects to the phrases "online

17    forums," "Internet websites," and "other forms of social media" as vague, ambiguous and

18    undefined.   Plaintiff further objects to the words "usernames," "handles" and "attached" as

19    vague, ambiguous and undefined.  Plaintiff further objects to this Interrogatory as compound.

20    Plaintiff further objects that this Interrogatory assumes facts not in evidence.  Plaintiff further

21    objects to this Interrogatory on the grounds that it exceeds the 25-Interrogatory limit, including

22    discrete subparts, set forth in Federal Rule of Civil Procedure 33.

23    **INTERROGATORY NO. 13:**

24    Identify any and all communications you have had regarding Israel, Judaism, Jewish

25    people, any Defendant named in the Complaint, or any lawsuit(s) or investigation(s) related to

26    any Defendant named in the Complaint, and please list and describe the content, place, and

27    location of each relevant communication.

28

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

Interrogatory contains at least two discrete subparts, requiring Plaintiff to identify and describe: (1) when and how You learned of Kars4Kids' charitable mission; and (2) when and how You discovered that You had potential legal claims against Kars4Kids and Oorah.  Plaintiff further objects to this Interrogatory on the grounds that it exceeds the 25-Interrogatory limit, including discrete subparts, set forth in Federal Rule of Civil Procedure 33.

Dated: March 31, 2025

**KELLER GROVER LLP**

By: _____

ERIC A. GROVER
*Counsel for Plaintiff*

KELLER GROVER LLP
1965 Market Street, San Francisco, CA  94103
Tel. 415.543.1305 | Fax 415.543.7861

## VERIFICATION OF TIMOTHY DUGGER

I, TIMOTHY DUGGER, hereby certify under penalty of perjury that I have reviewed **PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT KARS4KIDS' INTERROGATORIES TO PLAINTIFF TIMOTHY DUGGER (SET ONE),** and they are true and correct to the best of my knowledge, information, and belief.  Executed on March 26, 2025, in Lower Lake, in the state of California.


TIMOTHY DUGGER